## FRANKLIN NAT. BANK v. NORFOLK COUNTY TRUST CO.

No. 412.

District Court, D. Massachusetts.

Nov. 5, 1940.

Frank W. Morrison, of Whitinsville, Mass., for plaintiff.

R. L. Dana and Bingham, Dana & Gould, all of Boston, Mass., for defendant.

McLELLAN, District Judge.

This action or petition for a declaratory judgment and further relief arises under the Act of Congress, U.S.C.A. Title 12, Chapter 2, Section 181, relating to the voluntary liquidation of national banks; and under U.S.C., Title 28, Chapter 2, Section 41(16), 28 U.S.C.A. § 41(16), relating to the jurisdiction of the United States District Courts over winding up the affairs of national banks; and under the Act of Congress, U.S.C.A. Title 28, Chapter 10, Section 400, authorizing declaratory judgments and further relief. No question as to the court's jurisdiction was raised or appears. The controversy concerns the right of possession and control as between Amory Leland and Charles D. Whitney, the federal liquidating agents of Franklin National Bank, and the defendant, Norfolk County Trust Company, of a certain chamois package and the contents thereof.

### Findings of Fact.

The plaintiff, Franklin National Bank, is a federal national banking institution which had its place of business in Franklin, Massachusetts, and which is now in process of liquidation.

Amory Leland and Charles D. Whitney, as liquidating agents, are engaged in winding up the affairs of that bank. The Norfolk County Trust Company is a state banking corporation having a usual place of business in Franklin, Massachusetts.

On July 26, 1935, Miss Orvilla A. Supple, who then was acting and prior thereto had acted as savings teller, clerk, and bookkeeper for Franklin National Bank, was accustomed to deposit the cash for which she was responsible in a vault to which she had the keys. The keys to the unrented safe deposit boxes were also kept in this vault. On or about July 26, 1935, when she went to get the cash drawer out of the vault, she heard a thud and found behind the tray where the cash was a chamois bag. Miss Supple immediately notified her employer of the discovery. Thereafter a thorough search of the bank, its books, and the recess in the vault where the chamois bag and its contents were found failed to disclose its ownership, but enough was found out to indicate that it had remained unnoticed in the vault for many years. The identity of the person who owned or deposited the bag with its contents remains unknown. At some time after its discovery, the bag with its contents of jewelry, precious stones, coins, and other valuables, was deposited for safekeeping in the vaults of a Boston bank, where it remained until some time in 1937. In that year when the process of liquidation of the Franklin National Bank had begun, the bag with its contents was brought back to that bank and placed in a safety deposit box therein. Thereafter, the petitioner negotiated a sale to the defendant of certain of its assets, according to a schedule which did not include the property here involved. The defendant

later discovered the chamois bag with its contents, and now holds it. Upon the pleadings and the evidence, I find as a fact, if any question of fact is here. involved, that Amory Leland and Charles D. Whitney, liquidating agents of the Franklin National Bank, are entitled as against Norfolk County Trust Company to possession of the chamois bag and its contents.

#### Conclusions of Law.

1. Upon the pleadings, the evidence, and the foregoing findings of fact based thereon, Amory Leland and Charles D. Whitney, as liquidating agents of Franklin National Bank, are entitled as against the defendant, Norfolk County Trust Company, to the possession of the bag with its contents.

2. An order directing a delivery of the bag with its contents by the defendant to said liquidating agents and containing an adequate provision against the defendant's incurring any liability for compliance with such order is to be entered.

3. After the order mentioned in the foregoing paragraph shall have been carried out, the petitioner's liquidating agents may apply for an order of notice by publication to the end that any claimants may be given an opportunity to appear and establish their claims to the bag and its contents.